# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH W. HUBER, JR.,

      Petitioner,      :      Case No. 3:11-cv-008

                            :      District Judge Thomas M. Rose
   -vs-                                 Magistrate Judge Michael R. Merz

Warden, Chillicothe Correctional Institution,

                            :

      Respondent.

## ORDER TO PETITIONER

On December 22, 2011, the Clerk received the documents now filed at Doc. No. 8 which had been mailed on December 21, 2011. The first page of Doc No. 8 is a letter from Petitioner to the Clerk concluding "I would appreciate it if you would file this appeal today" and referring to an earlier attempt to have some or all of these papers filed in this Court.

The second page is a letter dated September 26, 2011, from the Clerk acknowledging receipt of Petitioner's "Appeal from the Ohio Supreme Court," advising that this Court does not review Ohio Supreme Court decisions, and returning the documents.

This habeas corpus case was originally filed by Petitioner *pro se* on January 10, 2011 (Doc. No. 1). After the Respondent filed a Return of Writ, Petitioner moved to withdraw his Petition (Doc. No. 6) and the Court dismissed it without prejudice (Doc. No. 7). In his Motion to Withdraw, Petitioner noted he was pursuing other litigation related to his conviction which he felt should be completed first.

Petitioner has captioned many of the papers included in Doc. No. 8 as if he were taking an **appeal** from the Ohio Supreme Court to this Court. The United States District Courts do not have jurisdiction (authority) to hear appeals from state supreme courts[1]. It was on this basis that the Clerk returned Petitioner's papers in September. However, this Court does have jurisdiction under 28 U.S.C. § 2254 to determine if a person is being held in state custody in violation of the United States Constitution. In the course of exercising its habeas corpus jurisdiction, this Court frequently reviews decisions of the Ohio Supreme Court on constitutional claims.

Because Petitioner had invoked this Court's habeas jurisdiction when he filed this case earlier this year, the Court wanted to protect his rights to use that jurisdiction if that is what he intends. That is why the papers have now been filed. Petitioner is directed to advise this Court, clearly and unequivocally, not later than January 10, 2012, if he desires to reopen his habeas corpus case and if that is what the papers he sent to the Clerk are intended to do.

December 23, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

J:\Documents\Huber Habeas 01.wpd

---

[1] The United States Supreme Court has limited jurisdiction to consider cases decided in state supreme courts by writ of certiorari, which is the functional equivalent of appeal in such cases.