# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH W. HUBER, JR.,

    Petitioner,

    -vs-

Warden, Chillicothe Correctional
  Institution,

    Respondent.

:

:

:

Case No. 3:11-cv-008

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## ORDER

    This habeas corpus case was dismissed without prejudice on Petitioner's Motion on May 18, 2011 (Doc. No. 7). On December 22, 2011, the Clerk received the documents now filed at Doc. No. 8 which had been mailed on December 21, 2011.  The first page of Doc No. 8 is a letter from Petitioner to the Clerk concluding "I would appreciate it if you would file this appeal today" and referring to an earlier attempt to have some or all of these papers filed in this Court.  Because Petitioner had earlier indicated an intent to refile his habeas case and because he was complaining that his papers had not been earlier filed, the Court ordered them filed for record and ordered Petitioner to clarify his purpose (Doc. No. 9).

    Petitioner has now clarified that these papers were not filed in an attempt to reopen his habeas corpus case, but rather "[t]his is an independent action against State Court Prosecutors, for contempt of court, and against the Ohio Supreme Court."  (Motion to Clarify, Doc. No. 11, PageID 842.)

Rather than an original action, the papers filed at Doc. No. 8 repeatedly purport to be an appeal.  See, e.g., PageID 805, 807, 810, 814.  Neither this Court nor the United States Court of Appeals for the Sixth Circuit, to whom Mr. Huber has sent some of these papers, has any appellate jurisdiction over the Ohio Supreme Court.

If Mr. Huber wishes to commence an original action against the Clark County prosecutors and the Ohio Supreme Court, he must prepare a complaint setting forth his claims against them and file that complaint with this Court, accompanied by the filing fee of $350 or an application to proceed *in forma pauperis*.  Because Mr. Huber is a prisoner, he will be required under the Prison Litigation Reform Act to pay the full filing fee, although he will be permitted to pay in installments.  He will also be required to obtain service of process on the persons he is suing, to wit, the Clark County prosecutors and the Justices of the Ohio Supreme Court.

The Clerk is ORDERED to furnish Mr. Huber with blank summonses, a blank *pro se* complaint form, and a prisoner *in forma pauperis* application.  When these are received back from Mr. Huber in completed form, the Court will proceed as upon an original action.  The Magistrate Judge offers no opinion on whether this Court possesses the original jurisdiction Mr. Huber asserts.

This habeas corpus case shall remain CLOSED on the docket.

January 6, 2012.

                                                s/ **Michael R. Merz**
                                                United States Magistrate Judge

The second page is a letter dated September 26, 2011, from the Clerk acknowledging receipt of Petitioner's "Appeal from the Ohio Supreme Court," advising that this Court does not review Ohio Supreme Court decisions, and returning the documents.

This habeas corpus case was originally filed by Petitioner *pro se* on January 10, 2011 (Doc. No. 1). After the Respondent filed a Return of Writ, Petitioner moved to withdraw his Petition (Doc. No. 6) and the Court dismissed it without prejudice (Doc. No. 7). In his Motion to Withdraw, Petitioner noted he was pursuing other litigation related to his conviction which he felt should be completed first.

Petitioner has captioned many of the papers included in Doc. No. 8 as if he were taking an **appeal** from the Ohio Supreme Court to this Court. The United States District Courts do not have jurisdiction (authority) to hear appeals from state supreme courts[1]. It was on this basis that the Clerk returned Petitioner's papers in September. However, this Court does have jurisdiction under 28 U.S.C. § 2254 to determine if a person is being held in state custody in violation of the United States Constitution. In the course of exercising its habeas corpus jurisdiction, this Court frequently reviews decisions of the Ohio Supreme Court on constitutional claims.

Because Petitioner had invoked this Court's habeas jurisdiction when he filed this case earlier this year, the Court wanted to protect his rights to use that jurisdiction if that is what he intends. That is why the papers have now been filed. Petitioner is directed to advise this Court, clearly and unequivocally, not later than January 10, 2012, if he desires to reopen his habeas corpus case and if that is what the papers he sent to the Clerk are intended to do.

December 23, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

---

[1] The United States Supreme Court has limited jurisdiction to consider cases decided in state supreme courts by writ of certiorari, which is the functional equivalent of appeal in such cases.

J:\Documents\Huber Habeas 02.wpd