# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH W. HUBER, JR.,

        Petitioner,       :   Case No. 3:11-cv-008

  - vs -                                District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
Chillicothe Correctional Institution,

                                        :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR SUMMARY JUDGMENT

This reopened habeas corpus case is before the Court on the Amended Petition (Doc. No. 16-1), Petitioner's Motion for Summary Judgment (Doc. No. 15), and Respondent's Return to the Amended Petition and Opposition to the Motion for Summary Judgment (Doc. No. 19).

Huber seeks relief from the judgment of conviction and sentence in Clark County Common Pleas Case No. 06-CR-509 ("Huber I") and pleads the following Grounds for Relief:

> **Ground One:** Appellate counsel was ineffective for failing to raise an allied offense/Double Jeopardy claim in violation of Petitioner's 6th, 5th, and 14th Amendment protections.
>
> **Supporting facts:** Petitioner was found guilty by a jury of (4) counts of drug abuse, three of which were allied offenses of similar import. Appellate counsel failed to raise this issue on direct appeal, thereby violating Petitioner's 6th, 5th, and 14th Amendment protections.
>
> **Ground Two:** Appellate counsel was ineffective for failing to raise an insufficiency of evidence claim in regards to the State using "pill count" to enhance the degree of the offense, in violation

1

of R.C. 2925.03(D) and the 6th and 14th Amendments of the U.S. Constitution.

**Supporting facts:**  The State used "pill count" instead of the statutory mandates of R.C. 2925.03(D) when using the "bulk amount" to enhance the degree of the offense.

**Ground Three:**  The trial court erred by imposing the statutory maximum sentence when the evidence was insufficient to sustain a conviction for drug abuse over the "bulk amount," thus resulting in a violation of R.C. 2925.03(D) and the 14th Amendment.

**Supporting facts:**  At the September 23, 2010, sentencing hearing Petitioner objected to the trial court imposition of the statutory maximum sentence for drug abuse, without the State sufficiently establishing "bulk amount" in accordance with the statutory mandates of R.C. 2925.03(D).

**Ground Four:**  The trial court violated Petitioner's Double Jeopardy protections when imposing sentence on counts of the indictment that were allied offenses of similar import in violation of R.C. 2941.25 and the 5th and 14th Amendments.

**Supporting facts:**  At the September 23, 2010, sentencing hearing Petitioner objected to the imposition of sentences on cts [sic] of the indictment that were allied offenses of similar import and should have been merged.

(Amended Petition, Doc. No. 16-1.)

**Applicability of Summary Judgment Practice**

Petitioner asserts this case is amenable to summary judgment (Motion for Summary Judgment, Doc. No. 153).  He begins by citing *Walker v. Johnston*, 312 U.S. 275 (1941), where the Supreme Court wrote:

> [I]f, upon the face of the petition, it appears that the party is not entitled to the writ, the court may refuse to issue it. Since the allegations of such petitions are often inconclusive, the practice has grown up of issuing an order to show cause, which the respondent

2

> may answer. By this procedure the facts on which the opposing parties rely may be exhibited, and the court may find that no issue of fact is involved. In this way useless grant of the writ with consequent production of the prisoner and of witnesses may be avoided where from undisputed facts or from incontrovertible facts, such as those recited in a court record, it appears, as matter of law, no cause for granting the writ exists. On the other hand, on the facts admitted, it may appear that, as matter of law, the prisoner is entitled to the writ and to a discharge.

*Id.* at 284. Although *Walker* was decided under a prior statute replaced by the codification of Title 28 in 1948 and by the Rules Governing § 2254 Cases, the Supreme Court has held the Civil Rules may be used to supplement those laws when there is no conflict. *Mayle v. Felix*, 545 U.S. 644 (2005); *Day v. McDonough*, 547 U.S. 198 (2006); *Gonzalez v. Crosby,* 545 U.S. 524 (2005); *Banks v. Dretke*, 540 U.S. 668 (2004); *Calderon v. Ashmus,* 523 U.S. 740 (1998); *Bousley v. United States,* 523 U.S. 614 (1998). The Court agrees with Petitioner that there is no good reason not to include Fed. R. Civ. P. 56 among the Civil Rules used in adjudicating habeas corpus cases in circumstances where there is no disputed issue of material fact and one party or the other is entitled to judgment as a matter of law.

**Procedural History**

Huber was indicted by a Clark County grand jury in 2006 on six counts of drug abuse in violation of Ohio Revised Code § 2925.11(A). The case went to trial on only four counts, the charges relating to fentanyl having been dismissed before a jury was chosen. (See Supplemental Report and Recommendations, Doc. No. 19, Case No. 3:13-cv-55, PageID 719-21.) The jury convicted Huber on the remaining four counts and he was sentenced to an aggregate term of twenty-one years. He appealed, represented by new counsel. The Second District Court of

Appeals affirmed. *State v. Huber*, Case No. 07-CA-88, 2009 Ohio 1636, 2009 Ohio LEXIS 1347 (2nd Dist. Apr. 3, 2009).  The Ohio Supreme Court declined review.

On June 10, 2009, Huber filed a motion for reconsideration under Ohio R. App. P. 26(A) raising the following issues:

> 1. The trial counsel erred when the Defendant was denied the right of jury trial by the denial of peremptory challenges and/or cause which prejudice the Defendant at trial.
>
> 2. The Appellate counsel erred when the Defendant was denied the right of appeal by the denial of challenges of cause and/peremptory challenges by counsel litigating the issues together which prejudice the Defendant a fair trial.

(Original Return of Writ, Doc. No. 4-2, PageID 229.)

Nine days later and before his Rule 26(A) Application had been decided, Huber filed an Application for Reopening under Ohio R. App. P. 26(B) raising the following claims of ineffective assistance of appellate counsel:

> 1. Appellant was prejudiced by appellate counsel's failure to raise an allied offense of similar import when dealing the drug possession.
>
> 2. Appellant was prejudiced by counsel's allowing the State of Ohio to use pill count when statutes calls for weight or unit doses.

(Original Return of Writ, Doc. No. 4-2, PageID 248.)

The State had argued the 26(A) Application was untimely.  The Court of Appeals elided that question and found instead that the "true nature" of the 26(A) Application was as an application for reopening under Ohio R. App. P. 26(B) because "[t]he sole claim in Huber's application is ineffective assistance of appellate counsel."  *State v. Huber*, Case No. 07-CA-88, (Ohio App. 2nd Dist. Jul. 29, 2009)(unreported, copy of slip op. at Doc. No. 4-2, PageID 286.)

4

The court of appeals only decided the second issue presented, the ineffective assistance of appellate counsel claim related to peremptory challenges and concluded it did not raise a colorable claim of ineffective assistance of appellate counsel. *Id.* at PageID 290.

On October 27, 2009, the Court of Appeals decided what Huber had labeled a 26(B) Application. It expressly found that the 26(A) Application, construed as Huber labeled it, was untimely, but noted that it had treated that application, to the extent it raised a claim of ineffective assistance of appellate counsel, as a timely application to reopen under Rule 26(B).[1] But it therefore treated what Huber had labeled a 26(B) application as his second application of that nature and denied it because (1) there is no provision in Ohio law for filing successive applications for reopening and (2) *res judicata* barred considering the merits of these claims because they could have been raised in the 26(A) proceeding. *State v. Huber*, Case No. 07-CA-88, (Ohio App. 2nd Dist. Jul. 29, 2009)(unreported, copy of slip op. at Doc. No. 4-2, PageID 291-92.) The Ohio Supreme court declined review (*State v. Huber*, Case No. 2009-2040, Entry of January 27, 2010, copy at Original Return of Writ, Doc. No. 4-2, PageID 310.)

The Warden's Return to the Amended Petition recites numerous additional attempts by Huber after January 27, 2010, to obtain relief from the Ohio courts, some of which remain pending as of the date of this Report (Doc. No. 19, PageID 926-37). The State raises no lack of exhaustion defense as to these matters. *Id.* at PageID 937-40. Nor has Huber sought any stay of this Court's judgment pending exhaustion. Indeed, by moving for summary judgment, he effectively asserts the case is ripe for decision.

---

[1] Motions for reconsideration must be filed within ten days of the appellate judgment, but motions to reopen to raise claims of ineffective assistance of appellate counsel have a ninety-day limit.

Analysis

**Ground One: Ineffective Assistance of Appellate Counsel: Failure to Argue Allied Offenses/Double Jeopardy Issue**

**Ground Two: Ineffective Assistance of Appellate Counsel: Failure to Raise an Insufficiency of the Evidence Claim Regarding Use of "Pill Count" to Enhance the Degree of the Offense**

In his First Ground for Relief, Huber claims he received ineffective assistance of appellate counsel when his attorney did not raise and argue a claim that three of the four counts of conviction were allied offenses of similar import required to be merged for sentencing purposes under Ohio Revised Code § 2941.25 or that sentencing him on each of them would violate the Fifth Amendment protection against Double Jeopardy.

In his Second Ground for Relief, Huber claims he received ineffective assistance of appellate counsel when his appellate attorney did not raise an insufficiency of the evidence claim regarding the State's use of "pill count" to enhance the degree of the offense.

Petitioner does not explain or argue the merits of these Grounds for Relief in the Petition, the Amended Petition, or the Motion for Summary Judgment.[2]  Respondent asserts these Grounds for Relief are barred by Huber's procedural default in presenting them to the Ohio courts, noting that they were presented for the first time in Huber's 26(B) Application and dismissed on *res judicata* grounds by the Court of Appeals as detailed above.  Huber responds at length to the procedural default analysis in his Motion for Summary Judgment.

The procedural default defense in habeas corpus is described by the Supreme Court as

---

[2] In the Motion for Summary Judgment, Huber refers to a "Memorandum of Law in Support of Claims with attached Exhibits." (Doc. No. 15, PageID 876.)  No such document is on file in this case.

6

follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).  *Coleman,* 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir.), *cert. denied sub nom, Eley v. Hauk,* __ U.S. __, 131 S.Ct. 822 (2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .

7

> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Ohio has a number of procedural rules which are relevant. First of all, a motion for reconsideration of an appellate decision must be filed within ten days of that decision. Ohio R. App. P. 26(A)(1)(A). Second, the manner of raising a claim of ineffective assistance of appellate counsel is by an application for reopening under Ohio R. App. P. 26(B). Third, the deadline for filing a 26(B) application is ninety days from the appellate judgment. *Id.* at Rule 26(B)(1). Fourth, Ohio law does not provide for successive Rule 26(B) motions. *State v. Cheren,* 73 Ohio St. 3d 137 (1995); *State v. Peeples,* 73 Ohio St. 3d 149 (1995). Fifth, Ohio's criminal *res judicata* doctrine applies to App. R. 26(B). *State v. Richardson*, 74 Ohio St. 3d 235 (1996).

These rules were actually enforced against Mr. Huber. His Rule 26(A) application for reconsideration was untimely, i.e., filed more than ten days after the appellate judgment. Because of that, the court of appeals ignored his first proposed assignment of error, to wit, that he received ineffective assistance of trial counsel. However, because the text of Huber's Rule 26(A) application actually raised a claim of ineffective assistance of appellate counsel, as a matter of grace the court of appeals did not summarily deny the 26(A) application, but construed it as a 26(B) application and decided the ineffective assistance of appellate counsel claim on the

8

merits, actually spending four pages analyzing it. *State v. Huber*, Case No. 07-CA-88, (Ohio App. 2nd Dist. Jul. 29, 2009)(unreported, copy of slip op. at Doc. No. 4-2, PageID 286-89.)

Mr. Huber's second-in-time post-judgment motion to the court of appeals, which he labeled as being under Rule 26(B), raised only ineffective assistance of appellate counsel claims which are now pled as his First and Second Grounds for Relief. The court of appeals enforced against him both the successive motion rule and the *res judicata* rule. *State v. Huber*, Case No. 07-CA-88, (Ohio App. 2nd Dist. Oct. 27, 2009)(unreported, copy of slip op. at Doc. No. 4-2, PageID 291-93.)

Huber notes that Ohio App. R. 26(B) "clearly directs a criminal defendant, in Ohio, that an App. R. 26(B) application for reopening is the appropriate procedural mechanism for properly raising [ineffective assistance of appellate counsel] claims in a timely manner." (Motion for Summary Judgment, Doc. No. 15, PageID 884.) That is correct. What he does not mention is that Ohio law does not permit raising ineffective assistance of appellate counsel claims in an untimely Rule 26(A) application, which is what Huber did.

Huber asserts that "[t]he Ohio Supreme Court did not intend for the application of *res judicata* to timely filed App. R. 26(B) [applications] because one issue that was not resolved until App. R. 26 was amended was the timeliness consideration." *Id.* at 885. That is a complete non sequitur. It is true that *State v. Murnahan*, 63 Ohio St. 3d 60 (1992), did not set a time limit for raising ineffective assistance of appellate counsel claims in the courts of appeals. Instead, it instructed its Rules Advisory Committee to draft a rule codifying the *Murnahan* decision; the Committee followed orders and the Ohio Supreme Court adopted 26(B) to become effective July 1, 1993. Huber is aware of this because he quotes the relevant portion of the *Murnahan* decision at PageID 884. But timeliness and *res judicata* are different doctrines. No Ohio rule of law,

9

codified or case law, provides that a defendant may file as many Rule 26(B) applications as he wishes so long as they are all within ninety days of judgment.

Huber expresses mystification at why the court of appeals construed his 26(A) application as an application for reopening. *Id.* at PageID 885. But the reason is patent on the face of the decision: construed the way Huber labeled it -- as a 26(A) application -- it was untimely. The court of appeals could have summarily dismissed it as the State urged it to do. Instead, it gave Huber a hearing on the merits of his ineffective assistance of appellate counsel claim which was inappropriately included in a 26(A) application, but was timely when construed as a 26(B) application. There is no reason stated by Huber or apparent on the face of the record why the two ineffective assistance of appellate counsel claims actually made on July 19, 2009, and pled here as Grounds One and Two could not have been pled nine days earlier.

Huber asserts the court of appeals abused its discretion in applying *res judicata* to his Rule 26(B) application, citing *State v. Davis*, 119 Ohio St. 3d 422 (2008). In *Davis* the Hamilton County Court of Appeals held Davis' ineffective assistance of appellate counsel claim made in a 26(B) application was barred by *res judicata* because he could have raised the same claim on direct appeal to the Ohio Supreme Court. The Ohio Supreme Court reversed, holding that application to it for discretionary appeal does not create a *res judicata* bar to a merit ruling on an ineffective assistance of appellate counsel claim made in a 26(B) application. But that is not the *res judicata* bar the Second District Court of Appeals applied here. In this case, the bar arose from Huber's having filed a claim of ineffective assistance of appellate counsel in his 26(A) application. *Davis* does not speak to that situation.

As Huber acknowledges (Motion, Doc. No. 15, PageID 888), Ohio's *res judicata* doctrine enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent

state ground. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Huber asserts that the court of appeals' treating his 26(A) motion for reconsideration as a first 26(B) application for reopening is not a practice "firmly established and regularly followed" by the Ohio courts, and thus does not meet the "adequate and independent" prong of the *Maupin* test. But Huber has not shown that proceeding in that manner was in any way arbitrary and capricious on the part of the court of appeals. The ten-day limit on motions for reconsideration is well established in Ohio and has been in place since before Appellate Rule 26(B) was adopted to deal with the problem discussed in *Murnahan* of having trial courts pass on ineffective assistance of appellate counsel claims made in an Ohio Revised Code § 2953.21 petition. The court of appeals would have been well within its authority under that Rule to dismiss the 26(A) application as untimely. The 26(A) application was not in fact a proper motion for reconsideration because it asked the court of appeals to consider two new claims, one of ineffective assistance of trial counsel and one of ineffective assistance of appellate counsel. A procedural rule need not be followed in every case; it is sufficient if it is applied in the vast majority of cases. *Byrd v. Collins,* 209 F. 3d 486, 521 (6th Cir. 2000), *citing Dugger v. Adams*, 489 U.S. 401, 410 n. 6 (1989). "[A]n occasional act of grace by a state court in excusing or disregarding a state procedural rule does not render the rule inadequate." *Coleman v. Mitchell (Storey murder)*, 268 F.3d 417, 429 (6th Cir. 2001), *quoting Amos v. Scott*, 61 F.3d 333, 342 (5th Cir. 1995). "[A] discretionary state procedural rule can serve as an adequate ground to bar federal habeas review." *Beard v. Kindler*, 558 U.S. 53 (2009).

Huber has not attempted to show cause and prejudice for his noncompliance with the Ohio rules enforced against him nor has he attempted a showing of actual innocence. Accordingly, his first two Grounds for Relief are barred by procedural default and should be dismissed with prejudice on that basis.

August 5, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).