# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JOSEPH W. HUBER, JR.,

                  Petitioner,           :    Case No. 3:11-cv-008

   - vs -                            District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                :

                Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON PETITIONER'S MOTION FOR SUMMARY JUDGMENT

---

      This case is before the Court on Petitioner's Objections (Doc. No. 23) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 21) on Petitioner's Motion for Summary Judgment (Doc. No. 15).  Judge Rose has recommitted the summary judgment motion for reconsideration in light of the Objections (Doc. No. 24).

      A major difficulty with Huber's Objections is that he has cut-and-pasted large portions of the Report and Recommendations without following the usual typographical customs about showing when something is copied from somewhere else.  For example, the entire paragraph on PageID 1291 which begins "The State had argued the 26(A) application was untimely . . . ." is copied verbatim from Report at PageID 1278-79.  Readers of the Objections must take care to distinguish what Mr. Huber has composed from what he has copied.

      The Report recommended dismissing Grounds for Relief One and Two as procedurally defaulted because the Second District Court of Appeals read Huber's untimely 26(A) application

as a first 26(B) application and then denied his correctly-labeled 26(B) application as a second or successive application not permitted by Ohio law.  In his Objections Huber asserts at least four times[1] that the court of appeals was very wrong to do that because, he says, he did not raise an ineffective assistance of appellate counsel claim in the 26(A) application.  But his assertion is refuted by the plain language of the second ground in the 26(A) application which reads "2. The Appellate counsel erred . . . ."  (Original Return of Writ, Doc. No. 4-2, PageID 229, quoted at Report, Doc. No. 21, PageID 1278.)  No amount of denying it on Huber's part makes that claim anything other than a claim his appellate attorney erred by not raising a claim relating to peremptory challenges.  The court of appeals read Huber's 26(A) application for its substance, rather than its form, and considered his claim of ineffective assistance of appellate counsel made in the 26(A) on the merits.  It then refused to give him a second bite at the apple in his 26(B) Application.

Huber claims that his 26(A) application was not untimely.  The clerk's docket for this case (Doc. No. 19-2, PageID 974) shows that the court of appeals decision occurred on April 3, 2009.  Ten days later would have been April 13, 2009.  Huber filed nothing relevant to reconsideration until April 28, 2009, when he asked for an extension of time to file for reconsideration.  That motion was not decided until May 20, 2009, when he was granted thirty days.  He then filed his 26(A) application on June 10, 2009, within the thirty days.  Thus his initial application for extension of time was filed fifteen days after the time for filing for reconsideration expired and the court of appeals expressly found the 26(A) application was

---

[1] "Petitioner did not raise, nor attempt to raise, a federal constitutional claim of ineffective assistance of appellate counsel, as defined by the statutory requirements of App. R. 26(B)" PageID 1295; "[N]or is there any indication to the court of appeals that Petitioner was attempting to raise an ineffective assistance of appellate counsel claim" PageID 1296; "Petitioner was not attempting to raise an ineffective assistance of appellate counsel claim in his timely motion for reconsideration" PageID 1298; "Petitioner's 26(A) does not, on the face, present an ineffective assistance of appellate counsel claim sufficient enough to warrant the court of appeals 'misconstruing' his timely 26(A) as a 26(B)" PageID 1301.

untimely.  *State v. Huber*, Case No. 07-CA-88, (Ohio App. 2nd Dist. Oct. 27, 2009)(unreported, copy of slip op. at Doc. No. 4-2, PageID 291-93.)

The Report stated that Huber had not argued the underlying merits of his First and Second Grounds for Relief, the grounds found to be procedurally defaulted.  Huber objects that he did make a merits argument in the Memorandum of Law in Support of Claims for Relief which is attached to the Motion. (Doc. No. 15-1, PageID 877-93.)

The two Grounds for Relief on which Huber seeks summary judgment in his favor are as follows:

> **Ground One:** Appellate counsel was ineffective for failing to raise an allied offense/Double Jeopardy claim in violation of Petitioner's 6th, 5th, and 14th Amendment protections.
>
> **Supporting facts:** Petitioner was found guilty by a jury of (4) counts of drug abuse, three of which were allied offenses of similar import. Appellate counsel failed to raise this issue on direct appeal, thereby violating Petitioner's 6th, 5th, and 14th Amendment protections.
>
> **Ground Two:** Appellate counsel was ineffective for failing to raise an insufficiency of evidence claim in regards to the State using "pill count" to enhance the degree of the offense, in violation of R.C. 2925.03(D) and the 6th and 14th Amendments of the U.S. Constitution.
>
> **Supporting facts:** The State used "pill count" instead of the statutory mandates of R.C. 2925.03(D) when using the "bulk amount" to enhance the degree of the offense.

(Amended Petition, Doc. No. 16-1, quoted at Report, Doc. No. 23, PageID 1275-76.)

The Memorandum in Support argues at PageID 891 that Huber was successful in a parallel appeal[2] that there was insufficient evidence that he possessed between five and fifty times the bulk amount of fentanyl.  He claims that since he was successful on that claim in the

---

[2] Huber was indicted for all of the drugs found in a suitcase he was carrying when arrested.  The charges relating to fentanyl were not properly charged and were severed, reindicted and tried separately, resulting in separate appeals to the Second District.

3

other appeal, he would have been successful on the same claim in the conviction at issue in this case.  While that is an argument "on the merits," it is very summary and completely unconvincing.  The failure of the State to prove an element at one trial with respect to one drug does not establish that it failed to do so with respect to other drugs at another trial. And there is no argument at all on the merits of the double jeopardy claim.[3]  Thus if the Court were to bypass Huber's procedural default and reach the merits, it could hardly find Huber was entitled to summary judgment on these first two claims.

Accordingly, it is again respectfully recommended that Huber's Motion for Summary Judgment be denied.

August 23, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638

---

[3] Huber's double jeopardy argument made in the parallel case of *Huber v. Warden*, Case No. 3:13-cv-55, was rejected by Judge Rice of this Court on August 22, 2013.

4

F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).