## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JOSEPH W. HUBER, JR.,

                Petitioner,          :     Case No. 3:11-cv-008

    - vs -                       District Judge Thomas M. Rose
                                 Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,
                                 :
                Respondent.

## REPORT AND RECOMMENDATIONS ON THE MERITS

This habeas corpus case is before the Court on the Petition (Doc. No. 1-2), the Return of Writ (Doc. No. 19) and Petitioner's Traverse (Doc. No. 29).

Huber seeks relief from the judgment of conviction and sentence in Clark County Common Pleas Case No. 06-CR-509 ("Huber I") and pleads the following Grounds for Relief:

> **Ground One:** Appellate counsel was ineffective for failing to raise an allied offense/Double Jeopardy claim in violation of Petitioner's 6th, 5th, and 14th Amendment protections.
>
> **Supporting facts:** Petitioner was found guilty by a jury of (4) counts of drug abuse, three of which were allied offenses of similar import. Appellate counsel failed to raise this issue on direct appeal, thereby violating Petitioner's 6th, 5th, and 14th Amendment protections.
>
> **Ground Two:** Appellate counsel was ineffective for failing to raise an insufficiency of evidence claim in regards to the State using "pill count" to enhance the degree of the offense, in violation of R.C. 2925.03(D) and the 6th and 14th Amendments of the U.S. Constitution.

1

>**Supporting facts:**  The State used "pill count" instead of the statutory mandates of R.C. 2925.03(D) when using the "bulk amount" to enhance the degree of the offense.
>
>**Ground Three:**  The trial court erred by imposing the statutory maximum sentence when the evidence was insufficient to sustain a conviction for drug abuse over the "bulk amount," thus resulting in a violation of R.C. 2925.03(D) and the 14th Amendment.
>
>**Supporting facts:**  At the September 23, 2010, sentencing hearing Petitioner objected to the trial court imposition of the statutory maximum sentence for drug abuse, without the State sufficiently establishing "bulk amount" in accordance with the statutory mandates of R.C. 2925.03(D).
>
>**Ground Four:**  The trial court violated Petitioner's Double Jeopardy protections when imposing sentence on counts of the indictment that were allied offenses of similar import in violation of R.C. 2941.25 and the 5th and 14th Amendments.
>
>**Supporting facts:**  At the September 23, 2010, sentencing hearing Petitioner objected to the imposition of sentences on cts [sic] of the indictment that were allied offenses of similar import and should have been merged.

(Amended Petition, Doc. No. 16-1.)

In previous Reports (Doc. Nos. 21, 25), the Magistrate Judge recommended that Grounds One and Two be dismissed as procedurally defaulted and Judge Rose has adopted those Reports (Doc. No. 27).  Despite that fact, Huber spends the first twenty pages of his Traverse (PageID 1315-1334) rearguing Grounds One and Two.  He makes no new arguments which have not already been thoroughly considered and found to be without merit.  No repetition of that earlier analysis is needed.

**Ground Three**

In his Third Ground for Relief, Huber claims the trial court erred by imposing the statutory maximum sentence when the evidence was insufficient to support a conviction for possession of more than the bulk amount. Huber says this violates Ohio Revised Code § 2925.03(D) and the Fourteenth Amendment.

Respondent argues this claim was first presented to the Ohio courts in Huber's March 17, 2011, "motion for judicial recall of mandate." (Amended Return of Writ, Doc. No. 19, PageID 957.) This document was filed in the Second District Court of Appeals which treated it as a petition for post-conviction relief under Ohio Revised Code § 2953.21 and dismissed it because such petitions must be filed in the first instance in the trial court in Ohio.

The Warden asserts this claim was not fairly presented to the Ohio courts because it was argued only in state law terms and not in terms of federal constitutional law (Amended Return of Writ, Doc. No. 19, PageID 959). Huber responds that it was fairly presented because his attorney at trial moved for acquittal on insufficiency of the evidence grounds, which would implicate the Fourteenth Amendment as applied in *Jackson v. Virginia*, 443 U.S. 307 (1979). He cites his Motion for Judicial Recall of Mandate (Return of Writ, Doc. No. 4, Ex. 46, PageID 507, *et seq.*) In that Motion he refers to two Rule 29 motions made at Trial Tr. pp. 230 and 278.

At p. 230 at the close of the State's case, defense counsel Linda Cushman stated:

> At this time, Your Honor, I would like to request rule 20 [sic], acquittal. I do not believe the State has brought forth for the jury sufficient evidence to prove all of the elements they need to prove beyond a reasonable doubt of possession of drugs, and we would ask for an acquittal

(Trial Tr., Return of Writ, Doc. No. 4, Ex. 2, PageID 742). Thus the oral motion for acquittal is

directed to whether there was sufficient evidence on the element of possession, not on what constitutes bulk amount.

At page 278 counsel and the court discussed answers given by the court to written questions from the jury.  Ms. Cushman stated:

> I just believe that both of these are unifiably [sic] incorrect.  I think that my client's been prejudiced by not having his counsel being consulted in having any input in the answers that were asked, and at this point, Your Honor, I would ask for either an acquittal or a mistrial in this matter.

(Trial Tr., Return of Writ, Doc. No. 4, Ex. 2, PageID 790).  This discussion also is not about bulk amount, but about whether there is trial court error in giving answers to jury questions in the absence of counsel.  Neither of these oral motions constitutes a fair presentation of the claim now made in Ground Three.  Even if these two claims amounted to a fair presentation of this Ground for Relief, it would have been procedurally defaulted by Huber's failure to present it on direct appeal.

Nor does Huber's presentation of the claim in his Motion for Judicial Recall of Mandate constitute a fair presentation of the claim.  While Huber is plain in that document about the federal constitutional claim he is making, Ohio does not recognize such a motion as an appropriate way to present a new federal constitutional claim which has not been previously presented.  In fact, in denying that Motion, the court of appeals held that it was the sort of claim which had to be presented first to the trial court in a petition for post-conviction relief, but that Huber was well beyond the statute of limitations for filing a petition under Ohio Revised Code § 2953.21.  Thus the court of appeals enforced against Huber a well-established Ohio procedural rule about post-conviction presentation of constitutional claims.  Ground Three for relief is therefore procedurally defaulted by Huber's failure to file it in a timely petition for post-

conviction relief.


**Ground Four**


In his Fourth Ground for Relief, Huber asserts his right to be protected from double jeopardy was violated when he was sentenced on allied offenses of similar import. This issue has been dealt with in the parallel case, *Huber v. Robinson,* Case No. 3:13-cv-055. That habeas corpus case arose out of Huber's conviction for possession of fentanyl in the same suitcase on the same date that he possessed the drugs of which he was convicted in this case. In denying this Double Jeopardy claim on direct appeal in that case, the Second District Court of Appeals held:

> [*P7] Nevertheless, Huber is not entitled to the merger of his convictions he requests. Huber's convictions in his first trial, which was the subject of our review in *State v. Huber*, Clark App. No. 07CA88, 2009 Ohio 1636, involved his possession of the drugs methadone, hydrocodene, oxycodeine, and acetaminophen with codeine. Huber's conviction in the second trial involved his possession of fentanyl. Each results in a violation of R.C. 2925.11. However, the fact each violation of R.C. 2925.11 requires proof of the identity of a different drug that was possessed demonstrates "that the legislature intended the possession of the different drug groups to constitute different offenses." *State v. Delfino* (1986), 22 Ohio St.3d 270, 274, 22 Ohio B. 443, 490 N.E.2d 884.

*State v. Huber*, 2011 Ohio 6175, 2011 Ohio App. Lexis 5070 (2nd Dist. 2011).

Huber argues that this is an unreasonable application of Supreme Court case law, particularly *Blockburger v. United States,* 284 U.S. 299 (1932). Huber does not dispute that the State can impose multiple punishments in a case like this (simultaneous possession of large amounts of different controlled substances) if that is what the legislature intended. Huber has a

theory that the Ohio General Assembly intended something different from what the Ohio Supreme Court found was its intention in *State v. Delfino, supra*., but he has no evidence of that. In any event, this federal court is bound by the state courts' interpretation of Ohio law.  Finally, this conclusion is the same one reached in Case No. 3:13-cv-055 which should be followed as a matter of consistency.[1]

The Fourth Ground for Relief is without merit and should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

November 12, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen

---

[1] The Magistrate Judge's Reports to that effect were adopted by Judge Rice August 22, 2013, with a denial of a certificate of appealability and *in forma pauperis* status on appeal.

days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).