# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH W. HUBER, JR.,

                Petitioner,          :    Case No. 3:11-cv-008

   - vs -                          District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                            :

               Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS
# ON THE MERITS

This habeas corpus case is before the Court Petitioner's Objections (Doc. No. 34) to the

Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed

with prejudice (the "Report," Doc. No. 30). Judge Rose has recommitted the case for

reconsideration in light of the Objections (Recommittal Order, Doc. No. 35).

Huber seeks relief from the judgment of conviction and sentence in Clark County

Common Pleas Case No. 06-CR-509 ("Huber I") and pleads the following Grounds for Relief:

> **Ground One:** Appellate counsel was ineffective for failing to raise an allied offense/Double Jeopardy claim in violation of Petitioner's 6th, 5th, and 14th Amendment protections.
>
> **Supporting facts:** Petitioner was found guilty by a jury of (4) counts of drug abuse, three of which were allied offenses of similar import. Appellate counsel failed to raise this issue on direct appeal, thereby violating Petitioner's 6th, 5th, and 14th Amendment protections.
>
> **Ground Two:** Appellate counsel was ineffective for failing to raise an insufficiency of evidence claim in regards to the State

1

using "pill count" to enhance the degree of the offense, in violation of R.C. 2925.03(D) and the 6th and 14th Amendments of the U.S. Constitution.

**Supporting facts:**  The State used "pill count" instead of the statutory mandates of R.C. 2925.03(D) when using the "bulk amount" to enhance the degree of the offense.

**Ground Three:**  The trial court erred by imposing the statutory maximum sentence when the evidence was insufficient to sustain a conviction for drug abuse over the "bulk amount," thus resulting in a violation of R.C. 2925.03(D) and the 14th Amendment.

**Supporting facts:**  At the September 23, 2010, sentencing hearing Petitioner objected to the trial court imposition of the statutory maximum sentence for drug abuse, without the State sufficiently establishing "bulk amount" in accordance with the statutory mandates of R.C. 2925.03(D).

**Ground Four:**  The trial court violated Petitioner's Double Jeopardy protections when imposing sentence on counts of the indictment that were allied offenses of similar import in violation of R.C. 2941.25 and the 5th and 14th Amendments.

**Supporting facts:**  At the September 23, 2010, sentencing hearing Petitioner objected to the imposition of sentences on cts [sic] of the indictment that were allied offenses of similar import and should have been merged.

(Amended Petition, Doc. No. 16-1.)

**Grounds One and Two**

In the Report, the Magistrate Judge noted that previous Reports (Doc. Nos. 21, 25) recommending dismissal of these two Grounds as procedurally defaulted had been adopted by District Judge Rose  (Report, Doc. No. 30, PageID 1342).  Huber asserts the Court has misinterpreted his argument, but he makes no new argument on these Grounds.

2

**Ground Three**

In his Third Ground for Relief, Huber claims the trial court erred by imposing the statutory maximum sentence when the evidence was insufficient to support a conviction for possession of more than the bulk amount. Huber says this violates Ohio Revised Code § 2925.03(D) and the Fourteenth Amendment.

The Magistrate Judge recommended this Ground be dismissed as procedurally defaulted because it was never fairly presented to the Ohio courts as a federal constitutional claim (Report, Doc. No. 30, PageID 1343-45).

Huber's Objections add nothing new to the analysis.  In particular, Huber has quoted nothing from his counsel's oral motions for judgment of acquittal that would show they raised the bulk amount issue.

Ground Three should be dismissed as procedurally defaulted.

**Ground Four**

In his Fourth Ground for Relief, Huber asserts his right to be protected from double jeopardy was violated when he was sentenced on allied offenses of similar import.  The Report noted this issue had been dealt with in the parallel case, *Huber v. Robinson,* Case No. 3:13-cv-055, and the claim rejected by District Judge Rice.  That habeas corpus case arose out of Huber's conviction for possession of fentanyl in the same suitcase on the same date that he possessed the drugs of which he was convicted in this case.

3

Huber's contention is that possession of different drugs which are all listed in the same schedule of controlled substances are all allied offenses of similar import under Ohio law.  In denying this Double Jeopardy claim on direct appeal in the other case, the Second District Court of Appeals held:

> [*P7] Nevertheless, Huber is not entitled to the merger of his convictions he requests. Huber's convictions in his first trial, which was the subject of our review in *State v. Huber*, Clark App. No. 07CA88, 2009 Ohio 1636, involved his possession of the drugs methadone, hydrocodene, oxycodene, and acetaminophen with codeine. Huber's conviction in the second trial involved his possession of fentanyl. Each results in a violation of R.C. 2925.11. However, the fact each violation of R.C. 2925.11 requires proof of the identity of a different drug that was possessed demonstrates "that the legislature intended the possession of the different drug groups to constitute different offenses." *State v. Delfino* (1986), 22 Ohio St.3d 270, 274, 22 Ohio B. 443, 490 N.E.2d 884.

*State v. Huber*, 2011 Ohio 6175, 2011 Ohio App. Lexis 5070 (2nd Dist. 2011).

Huber argues that the Second District Court of Appeals misunderstood *Delfino, supra*. As noted in the Report, this Court is bound by the state courts' interpretation of state law. Ground Four should be dismissed with prejudice on that basis.

**Conclusion**

Upon reconsideration in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice and Huber be denied a certificate of appealability and leave to appeal *in forma pauperis*.

December 27, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).