# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH W. HUBER, JR.,

        Petitioner,    :    Case No. 3:11-cv-008

  - vs -                          District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                        :

        Respondent.

## REPORT AND RECOMMENDATIONS
## ON MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* AND FOR CERTIFICATE OF APPEALABILITY

       This habeas corpus case is before the Court Petitioner's Motion for Leave to Appeal *in forma pauperis* and for a Certificate of Appealability (Doc. No. 41). Judge Rose already decided those two questions in his Entry and Order of February 5, 2014, denying a certificate of appealability and certifying to the Sixth Circuit that any appeal would not be taken in objective good faith (Doc. No. 39). Mr. Huber's Motion, then, will be considered under the standards applicable to a motion to amend the judgment under Fed. R. Civ. P. 59(e).

       A motion under Rule 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

       Huber claims it was inappropriate for this Court to decide *sua sponte* that he was not

entitled to a certificate of appealability. However, the authority he cites all predates the 2009 amendment to Rule 11 of the Rules Governing § 2254 Cases in which the Supreme Court provided, in pertinent part, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." That amendment changes the practice in this Court, and presumably in many district courts, of waiting until after adjudication on the merits to consider the certificate of appealability issue.

In particular, Huber cites my prior opinion in *Abshear v. Moore*, 2008 U.S. Dist. LEXIS 58238, 2008 WL 2622983 (S.D. Ohio, Apr. 25, 2008)(Merz, Ch. M.J.), on granting or denying a certificate of appealability when a petitioner has moved for one and the warden has not opposed it. That opinion applies to the situation before the 2009 amendment to Rule 11 which requires a decision on the certificate of appealability at the time judgment is entered.

In this particular case, a recommendation to deny a certificate was made in both the Report and Recommendations (Doc. No. 30) and the Supplemental Report and Recommendations (Doc. No. 36). Huber filed Objections to each of those (Doc. Nos. 34, 38), and had a full opportunity to brief the certificate of appealability issues in those Objections. Judge Rose considered the Reports and Recommendations *de novo* as required under Fed. R. Civ. P. 72 (Entry and Order, Doc. No. 39, PageID 1423).

Huber is not entitled to a second de novo review, nor does his Motion demonstrate any manifest error of law in the prior decision of Judge Rose denying a certificate of appealability. The Motion should therefore be DENIED. Huber is free to renew his request to the Sixth Circuit, to whom he has appealed the final decision.

February 26, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).