# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH W. HUBER, JR.,

        Petitioner,      :      Case No. 3:11-cv-008

  - vs -                          District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

TERRY TIBBALS, Warden,
 London Correctional   Institution,

                                :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Status Report from the Respondent's counsel (ECF No. 59).

On remand from the Sixth Circuit Court of Appeals, the Magistrate Judge concluded Huber had suffered ineffective assistance of appellate counsel and recommended that a writ of habeas corpus ad subjiciendum be issued requiring that Huber be released from custody "unless the Second District Court of Appeals reopens his direct appeal and reaffirms his conviction not later than six months from the date of final judgment in this case." (Report, ECF No. 55, PageID 1584.) This Report was adopted by the Court without objection on June 29, 2015 (ECF Nos. 56, 57).

On the Court's Order for Status Report (ECF No. 58), the Warden reports that the Second District Court of Appeals reopened Huber's direct appeal "in order to reexamine the sufficiency of the evidence with respect to his convictions for enhanced drug convictions based upon the quantities of drugs in his possession." (ECF No. 59, PageID 1590.)  Having done so, the Second

1

District vacated its prior judgment and remanded to the Clerk County Common Pleas Court with instructions "to enter findings of guilt on lesser-included offenses not requiring proof that Huber possessed at least the 'bulk amount' and to sentence him accordingly." *State v. Huber*, 2015-Ohio-5301, 2015 Ohio App. LEXIS 5285 (2nd Dist. Dec. 17, 2015). In obedience to that decision, the Clark County Court of Common Pleas vacated Huber's convictions on Counts One, Five, and Six, found him guilty of lesser-included offenses, and sentenced him accordingly (Judgement Entry, ECF No. 59-3, PageID 1609-11).

As Respondent correctly notes, the underlying judgment which was the cause of Huber's imprisonment and the focus of his collateral attack in this case has been vacated. This Court accordingly lacks further jurisdiction over this matter.

It is therefore respectfully recommended that the Writ be dissolved and this case be dismissed for lack of jurisdiction.

January 19, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).